32961:BBK:kls

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| VENUS AVANT, | ) | |
| | ) | No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Trial by jury demanded. |
| | ) | |
| CITY OF CHICAGO, a municipal corporation, D. PEREZ #19697, and H. BETANCOURT #16976, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, VENUS AVANT, by and through her attorneys, THE VRDOLYAK LAW GROUP, LLC, and complaining of the Defendants CITY OF CHICAGO, a municipal corporation, D. PEREZ #19697, and H. BETANCOURT #16976, states as follows:

## INTRODUCTION

1. This Complaint at Law was previously filed in the United States District Court for the Northern District of Illinois, on March 23, 2018, under case number Case No.: 1:18-cv-02145.

2. On August 31, 2021, pursuant to the parties' stipulation to dismiss, this case was dismissed without prejudice with leave to reinstate within one year.

3. This Complaint at Law is hereby re-filed pursuant to 735 ILCS 5/13-217.

4. Defendants violently seized Plaintiff's person with the use of excessive and unlawful force in violation of her rights protected by the Fourth and Fourteenth Amendments of the United States Constitution.

5. This is an action for civil damages brought under 42 U.S.C §1983 for the

deprivation of Plaintiff's constitutional rights.

6. Plaintiff was injured by the conduct of Defendants, D. PEREZ #19697 and H. BETANCOURT #16976 (hereinafter "OFFICERS"), individually and as agents, servants, and/or employees of Defendant, CITY OF CHICAGO.

7. This action also seeks civil damages pursuant to certain claims afforded to Plaintiff under the law of the State of Illinois.

## PARTIES

8. At all relevant times herein, the Plaintiff, VENUS AVANT, was a citizen of the State of Illinois and the United States, and a resident of Cook County within the Northern District of Illinois.

9. Defendant, CITY OF CHICAGO, is and at all relevant times herein, was a political division of the State of Illinois, existing as such under the laws of the State of Illinois as a municipal corporation, and through its operations, established and organized the Chicago Police Department.

10. Defendant OFFICERS were duly sworn police officers within the Chicago Police Department, in the City of Chicago, County of Cook, at all relevant times herein.

11. At the aforementioned time, Defendant, CITY OF CHICAGO, employed Defendant OFFICERS.

12. At all relevant times herein, Defendant OFFICERS acted under the color of law and within the scope of their employment.

13. Defendant OFFICERS of the Chicago Police Department are sued in their individual and official capacity.

## JURISDICTION

14. This court has jurisdiction over the lawsuit because the action arises under 42 U.S.C §1983, 28 U.S.C. §1331 and §1343, and the Fourth and Fourteenth Amendments to the

Constitution of the United States.

15. The court has supplemental jurisdiction over this lawsuit under 28 U.S.C §1367 because Plaintiff's claims are so related to the claims within the court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

## VENUE

16. Venue is appropriate in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b); as all of the events complained of occurred in Cook County, located within this Northern District of Illinois.

## FACTS

17. On March 24, 2017, Plaintiff was a pedestrian on the property located at or near 10600 South Bensley Avenue in Chicago, Illinois.

18. At the aforementioned time and place, while acting in their official capacity, Defendant OFFICERS suddenly emerged from an automobile without announcing their office.

19. Defendant OFFICERS then immediately and violently grabbed ahold to Plaintiff's shoulders and neck as they threw her into the side of their vehicle.

20. Defendant OFFICERS then twisted and slammed Plaintiff's person into their vehicle after they handcuffed her hands behind her back.

21. At all relevant times herein, Plaintiff complied with all orders of Defendant OFFICERS and did not attempt to resist Defendant OFFICERS' commands and actions.

22. At all relevant times herein, Plaintiff did not consent to Defendant OFFICERS' actions.

23. During the course of Defendant OFFICERS' actions, Plaintiff suffered injuries to her person, and endured mental and emotional anguish.

24. At the aforesaid time, there was no legal justification for Defendant OFFICERS' actions and use of force against Plaintiff.

25. After being processed and imprisoned in a City of Chicago police station, Plaintiff was transferred to Roseland Community Hospital for medical treatment necessitated by Defendant OFFICERS' unlawful use of excessive force and Plaintiff's resulting injuries.

26. By reason of the acts and omissions of Defendant OFFICERS, as described herein, Plaintiff sustained injuries to her person, as well as great mental and emotional pain and suffering, which required medical treatment.

27. The aforementioned acts of Defendant OFFICERS were willful, wanton, malicious, oppressive, outrageous, and done with reckless indifference to and/or conscious disregard for Plaintiff's health and rights, which justify the awarding of exemplary and punitive damages, in an amount to be ascertained by proof at trial.

28. Given the above-described acts of Defendant OFFICERS, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to her in the within action so that she might vindicate the loss and deprivation of her rights.

WHEREFORE, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, and any other provisions set by law.

## COUNT I: 42 U.S.C §1983 – EXCESSIVE FORCE

29. Plaintiff realleges and incorporates paragraphs 1- 28 as stated fully herein.

30. As described herein, Defendants seized and/or arrested Plaintiff with use of unlawful and excessive force, in violation of Plaintiff's Fourth and Fourteenth Amendment rights.

31. The misconduct described herein was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights.

32. As a result of Defendants' unlawful actions, Plaintiff suffered injuries and damages of a personal, emotional, and pecuniary nature.

### COUNT II: STATE LAW CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33. Plaintiff realleges and incorporates paragraphs 1- 32 as stated fully herein.

34. By acting in the fashion described herein, Defendants engaged in extreme and outrageous conduct. Defendants' actions were rooted in an abuse of power and authority, and they were taken with intent or knowledge that there was a high probability that such conduct would inflict severe emotional distress and with reckless disregard of that probability.

35. The misconduct described in this Count was undertaken with intent, malice, willfulness, and wantonness, and reckless indifference to Plaintiff's rights, such that Defendants' actions shock the conscience.

36. As a result of the above-described wrongful conduct, Plaintiff has suffered injuries and damages of a personal and pecuniary nature, financial and other damages, as well as mental stress and anguish, for which medical treatment was required.

### COUNT III — STATE LAW CLAIM FOR INDEMNIFICATION

37. Plaintiff realleges and incorporates paragraphs 1- 36 as stated fully herein.

38. In Illinois, 735 ILCS 10/9-102 provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

39. Every individual defendant referenced herein is or were employees of the CITY OF CHICAGO at the time of the occurrences and were acting within the scope of their employment in committing the misconduct described herein.

### REQUEST FOR RELIEF

40. Plaintiff, VENUS AVANT, respectfully requests that the Court enter judgment in favor of Plaintiff and against each and every Defendant, finding that:

   a. Defendants are liable to Plaintiff pursuant to 42 U.S.C. 1983 for use of excessive force;

   b. Defendants are liable to Plaintiff for intentional infliction of emotional distress;

   c. Defendant CITY OF CHICAGO are liable to indemnify its employees;

   d. Defendants are required to pay Plaintiff's general damages, including emotional distress in a sum to be ascertained;

   e. Defendants are required to pay Plaintiff's special damages;

   f. Defendants are required to pay Plaintiff's attorneys fees pursuant to §198 of Title 42 of the United States Code, the Equal Aces to Justice Act and any other applicable provision;

   g. Defendants are required to pay punitive and exemplary damages in a sum to be ascertained;

   h. Defendants be required to pay Plaintiff's costs of this suit; and/or

   i. Plaintiff has such other relief as this Court deems just and proper.

41. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury.

                        Benjamin B. Kelly
                        _____
                        Attorney for Plaintiff

**THE VRDOLYAK LAW GROUP, LLC**
**By: Benjamin Kelly**
Attorney for Plaintiff
100 N. Riverside Plaza, Suite 2400
Chicago, IL 60606
ARDC# 6273546
bkelly@vrdolyak.com
lduran@vrdoluyak.com
bbenefield@vrdolyak.com